IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MISTER SOFTEE, INC. et al.** | : |
| | : **Docket No.** |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| **JAWDAT OMAR** | : |
| | : |
| Defendant. | : |
| | : |

## CIVIL ACTION - COMPLAINT
### INTRODUCTION

1. Mister Softee, Inc. ("MSI") and Mister Softee Franchise, LLC ("MSF") (MSI and MSF are collectively referred to as "Mister Softee") bring this action against former franchisee Jawdat Omar ("Omar") because he is infringing on Mister Softee's trademark rights by operating three ice cream trucks in Pennsylvania and New Jersey using Mister Softee's trademarks without Mister Softee's authorization.  Mister Softee brings this action to protect the goodwill associated with its trademarks and trade dress, and to protect Mister Softee's franchisees who are being harmed because of the Defendant's unauthorized use of Mister Softee's trademarks. Specifically, Omar is a former franchisee of Mister Softee who has refused to completely de-identify his Mister Softee ice cream trucks.  Omar's trucks still display the Mister Softee truck design which is registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357 (the "Mister Softee Truck Design") and consists of a white ice cream truck with blue bottom trim and the words "Sundaes", "Shakes", and "Cones".  The Mister Softee Truck Design is distinctive and immediately identifiable to children of all ages as a Mister Softee ice cream truck instead of one of its competitors. Mister Softee also bring this action to enforce a noncompete agreement entered by Omar, and which he is blatantly violating by continuing to

operate ice cream trucks in his former territory and the territories of other Mister Softee franchisees. The Defendant, by infringing Mister Softee's trademarks and violating his noncompete obligations, is unfairly competing with Mister Softee's franchisees, all of whom paid and continue to pay royalty fees for the right to use Mister Softee's trademarks. Despite demands that Omar paint his trucks a different color scheme and stop operating ice cream trucks in the territory covered by his noncompete agreement, Omar continues to intentionally infringe on the Mister Softee trademarks and irreparably harm Mister Softee and its franchisees.

## THE PARTIES

2. Plaintiff MSI is a New Jersey corporation with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey 08078. Mister Softee owns various trademarks including the trademark "Mister Softee," the Mister Softee jingle, and the trade dress comprising the distinctive look of the Mister Softee mobile soft ice cream truck.

3. Plaintiff MSF is a New Jersey limited liability company with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey 08078. MSF is the franchisor of Mister Softee franchises under MSI's trademarks. MSI granted MSF the right to use, and license others the right to use, the Mister Softee trademarks and trade dress in conjunction with the offering and sale of franchises in certain areas, including New Jersey and Pennsylvania.

4. Defendant Jawdat Omar is an adult individual who is a citizen of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that Plaintiffs' claims against Defendants are based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district. Furthermore, Omar has entered into agreements with MSF that contain a forum selection clause that designates this Court as the venue for any litigation between them.

## THE MISTER SOFTEE SYSTEM

7. Mister Softee is a family owned and operated business that has been in operation since 1956. Mister Softee is the franchisor of Mister Softee mobile ice cream truck businesses that sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products.

8. Mister Softee franchisees are licensed to use Mister Softee's trade names, service marks and trademarks and to operate under the Mister Softee business system, using specially designed mobile trucks with special equipment, equipment layouts, interior and exterior accessories, menu displays, identification schemes, products, management programs, standards, specifications, proprietary marks and information.

## THE TRADEMARKS AND TRADE DRESS

9. MSI owns the trademarks "Mister Softee" and related logos which are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335 and 0663456 (the "Mister Softee Logos"). MSI also owns and has registered a sensory mark which consists of the Mister Softee musical jingle at Registration No. 2218017 (the "Mister Softee Sonic Mark"). Additionally, MSI owns a federal trademark registration for the overall design of the Mister Softee ice cream truck, registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357 (the "Mister Softee

Truck Design"). MSI also created and uses the marks "Tu-Tone Cone", "Twinkletop Conehead", "Cherry Top Conehead", "Chocolate Top Conehead" and "Devil's Delight Conehead". The term "Conehead" refers to the Mister Softee cartoon logo of an ice cream cone with a smiling face and bow tie. (The Mister Softee Logos, Mister Softee Sonic Mark and Mister Softee Truck Design are collectively referred to as the "Mister Softee Marks").

10. Only authorized licensees are permitted to use MSI's federally registered trademarks, trade dress and proprietary business system.

11. Since 1956, Mister Softee and its franchisees have continuously used and advertised the Mister Softee trademarks, trade names, trade dress and musical jingle throughout the region. Mister Softee's trademarks, trade names, trade dress and musical jingle distinguish its business and its franchises from similar businesses and are widely known and recognized by consumers. Mister Softee first began using its marks and trade dress in 1956 and first registered some of the above marks in 1958. The Mister Softee musical jingle was composed in 1960.

## THE DISTINCTIVE NATURE OF MISTER SOFTEE TRUCKS

12. Mister Softee trucks are inherently distinctive in appearance (the "Mister Softee Truck"). The design and appearance of the Mister Softee Truck is not arbitrary and nonfunctional.

13. When Mister Softee enters into a franchise agreement with each new franchisee, Mister Softee requires the new franchisee to operate a truck painted in Mister Softee's blue and white color scheme and displaying Mister Softee's Marks which come as a decal pack that includes the above-referenced elements. The franchisee must also purchase and use in his truck a music box that plays the Mister Softee Sonic Mark.

4

14. Each of these elements make an authentic Mister Softee Truck unique and distinctly identifiable to the consuming public as a Mister Softee mobile ice cream business.

15. Mister Softee Trucks solicit business by traveling through various neighborhoods and playing the Mister Softee Sonic Mark. Mister Softee's customer base predominately comprises young children who identify the Mister Softee Sonic Mark as an indication the ice cream truck is an authorized Mister Softee franchisee.

### THE DEFENDANT

16. On October 29, 2015, Mister Softee and Omar entered into the first Franchise Agreement pursuant to which Omar was granted the right and undertook the obligation to operate a Mister Softee ice cream truck (the "N-328 Franchise Agreement") within the designated areas identified in the map attached to the Franchise Agreement, which included the Germantown and Chestnut Hill sections of Philadelphia, Pennsylvania (the "N-328 Territory"). A true and correct copy of the N-328 Franchise Agreement is attached as Exhibit "A."

17. On May 9, 2017, Mister Softee and Omar entered into the second Franchise Agreement pursuant to which Omar was granted the right and undertook the obligation to operate a Mister Softee ice cream truck (the "N-375 Franchise Agreement") within the designated areas identified in the map attached to the Franchise Agreement, which included sections in Northeast Philadelphia, Pennsylvania (the "N-375 Territory"). A true and correct copy of the N-328 Franchise Agreement is attached as Exhibit "B."

18. On June 9, 2021, Mister Softee and Omar entered into the third Franchise Agreement pursuant to which Omar was granted the right and undertook the obligation to operate a Mister Softee ice cream truck (the "N-419 Franchise Agreement") within designated areas in in Philadelphia, Pennsylvania identified in Exhibit A to the Franchise Agreement (the

"N-419 Territory"). A true and correct copy of the N-328 Franchise Agreement is attached as Exhibit "C[1]." The N-328 Franchise Agreement, N-375 Franchise Agreement and the N-419 Franchise Agreement are collectively referred to as the "Franchise Agreements.".

19. On October 24, 2022, after Omar was found to be operating outside the N-328, N-375 and N-419 territories and in the territories of other franchisees. For example, Omar's trucks were found in Wildwood, New Jersey, which is not remotely close to his authorized territory and which belongs to another Mister Softee franchisee. Omar admitted to his breach of the Franchise Agreements. As a result, the parties executed a Territory Letter, which modified the termination section of the Franchise Agreements to permit Mister Softee to immediately terminate the Franchise Agreements if Omar is caught operating outside of his authorized territories. A true and correct copy of the Territory Letter is attached as Exhibit "D."

### The Franchise Agreements

20. Pursuant to Section 3.1 of the Franchise Agreements, the term of the Franchise Agreements is ten years.

21. Pursuant to Section 4.2 of the N-328 and N-375 Franchise Agreements, Omar agreed to pay Mister Softee a minimum royalty equal to $3,500.00 per year, and pursuant to Section 4.2 of the N-419 Franchise Agreement, Omar agreed to pay Mister Softee a minimum royalty of $3,675 per year (the "Royalties").

22. Pursuant to Section 2.4 of the Franchise Agreements, Omar agreed to not solicit customers from outside of the territory granted to him under each of his Franchise Agreements without Mister Softee's consent.

---

[1] The N-419 Franchise Agreement was set up to be executed electronically, but Omar never completed the execution process. The parties, however, have operated pursuant to the N-419 Franchise Agreement and Omar executed a letter confirming the existence of a franchise under the N-419 Franchise Agreement.

23. Furthermore, pursuant to the Territory Letter, Omar agreed to not operate outside of his territories or Mister Softee would be permitted to immediately terminate the Franchise Agreements.

24. Pursuant to Section 16.2 of the Franchise Agreements, Omar agreed:

For a two (2) year period following the expiration or termination of your interest in this Agreement, neither you nor your immediate family members, nor your partners, shareholders or members, nor their immediate family members, as applicable, shall directly or indirectly, for themselves or through, on behalf of, or in conjunction with any other person, partnership, corporation, limited liability company; or other entity, own, maintain, engage in, be employed by, lend money to, extend credit to, or have any interest in any other business which operates or licenses businesses featuring primarily the sale of ice cream or other frozen confections with the former Territory or within any System franchisee's territory.

See Ex. A-C at § 16.2.

**Termination of the Franchise Agreements and the infringement**

25. On or about June 3, 2023, Mister Softee learned that Omar was operating one of his ice cream trucks at the Atco Speedway, in Atco, New Jersey. Furthermore, Mister Softee was able to locate a picture of Omar's ice cream truck at the Atco Speedway, on the Speedway's Facebook page. A true and correct copy of a screenshot of the Facebook page is below:



26. As a result, on July 5, 2023, Mister Softee served written notice on Omar that terminated his Franchise Agreements for operating outside of his approved territory and in territories belonging to other franchisees.

27. Omar, however, has unlawfully continued to operate his formerly franchised ice cream trucks under Mister Softee's trademarks.

28. During the weekend of July 15-17, Omar had at least two of his ice cream trucks operating at the Atco Speedway, which is within the territory of another Mister Softee franchisee. Furthermore, Omar's trucks continued to display the Mister Softee trademarks despite Mister Softee's demand that he de-identify them. Below is a picture of one of Omar's trucks at the Atco Speedway during the weekend of July 14-16:



29. Omar has ignored Mister Softee's demands, has told others he has no intention of complying with his post-termination obligations under the Franchise Agreements and continues to unlawfully use the Mister Softee trademarks in the operation of his competitive ice cream truck business in violation of the Lanham Act.

## COUNT I
### Trademark Infringement and Unfair Competition

30. Plaintiffs incorporate the forgoing averments as if fully set forth herein.

31. Omar has utilized and benefited from the Mister Softee Marks in the operation of his mobile ice cream truck business without Mister Softee's permission and with the knowledge that Mister Softee has not consented to his use of the Mister Softee Marks.

32. Omar willfully intended to trade on Mister Softee's reputation and cause dilution of the Mister Softee Marks.

33. Omar is guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq. Omar's use of Mister Softee's Marks constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to his being affiliated, connected or associated with Mister Softee in violation of 15 U.S.C. §1125(a). Omar's conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

34. Omar's continued operation of his mobile ice cream trucks also causes dilution of Mister Softee's famous marks in violation of 15 U.S.C. §1125(c).

35. Omar's continued operation as set forth above has caused and will cause Plaintiffs irreparable injury in that customers are being deceived by Omar, as a result of this selling ice cream and related products from trucks unlawfully identified as Mister Softee trucks; Plaintiffs will have difficulty franchising Omar's trading areas, which includes the area Mister Softee

exclusively granted MSQ; business will be diverted from Mister Softee's Marks; Mister Softee's Marks will be diluted and taken from Mister Softee's control; and Plaintiffs will lose profits and revenues which, because of Omar's conduct, cannot be readily calculated.

36. Additionally, because Omar is no longer affiliated with Mister Softee, Plaintiffs have no ability to ensure that Omar is storing and dispensing his ice cream products in compliance with applicable health standards and laws. As a result, customers may become ill if the ice cream is not properly stored and dispensed and the trucks and equipment are not operated in a sanitary manner.

37. Plaintiffs have no adequate remedy at law because Plaintiffs cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mister Softee Marks because of Omar's conduct.

38. Plaintiffs' immediate and irreparable harm will continue unless Omar is enjoined from continuing to use of the Mister Softee Marks.

**WHEREFORE**, Mister Softee, Inc. and Mister Softee Franchise LLC demand judgment in their favor and against the Defendant Jawdat Omar as follows:

    a.    A preliminary and permanent injunction enjoining Omar and his agents, employees, entities and any person acting in concert with them from using the Mister Softee Marks or any colorable imitation in any manner whatsoever;

    b.    An accounting of and judgment for the profits to which Mister Softee may be entitled;

    c.    Treble damages pursuant to 15 U.S.C. § 1117;

    d.    An order requiring Omar to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in his possession bearing the word and/or

symbol that is the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

  e.  An order requiring Omar to return the music boxes in his possession that play the Mister Softee Sonic Mark to Mister Softee pursuant to 15 U.S.C. §1118.

  f.  Punitive Damages;

  g.  Attorneys' fees;

  h.  Costs of this action; and

  i.  Such further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT - POST TERMINATION NON-COMPETE

39. Mister Softee incorporates by reference the averments set forth above in paragraphs 1 through 29 as though the same were set forth at length herein.

40. Omar's Franchise Agreements were terminated on July 5, 2023, pursuant to the Notice of Termination.

41. Omar continues to engage in the business of selling ice cream or other frozen confections in his former territory and the territory of other Mister Softee franchisees (the "Competitive Business").

42. Omar's operation of the Competitive Business is in direct violation of the non-competition provisions of Section 16.2 of the Franchise Agreements.

43. Omar has breached the Franchise Agreements by failing to comply with the post-term noncompete obligations set forth in Section 16.2 of the Franchise Agreements.

44. Mister Softee has no adequate remedy at law in that the damages as set forth above, including the misappropriation and theft of its proprietary business System, Confidential

Information and Proprietary Materials, and the consequential injury to consumer goodwill, cannot be compensated in monetary damages. The damages sustained by Mister Softee because of the loss of its goodwill and the potential deception and harm to the consuming public cannot be ascertained nor can such harm be compensated for in monetary damages.

45. As a direct and proximate result, Mister Softee has suffered and continues to suffer damage to its business, reputation, and goodwill due to Omar's operation of his Competitive Businesses.

46. Mister Softee's immediate and irreparable harm will increase unless and until Omar is enjoined from violating his post-termination obligations and otherwise competing unfairly with Mister Softee.

47. A preliminary and permanent injunction is the only method by which Mister Softee can prevent the further usurpation of its business system and trade secrets.

**WHEREFORE**, Mister Softee, Inc. and Mister Softee Franchise LLC demand judgment in their favor and against Jawdat Omar as follows:

a. That Omar be preliminarily and permanently enjoined and restrained from operating any competitive business selling ice cream products or frozen confections, or from directly or indirectly, being connected with the ownership, management, operation, control or conduct of a competitive business selling ice cream products or frozen confections located within his former territory as outlined in the Franchise Agreements and any other territory assigned to a Mister Softee franchisee for a period of two years from the date of his compliance with this Court's Order,

b. attorney's fees and costs incurred in bringing this action;

c. costs of this action; and

d.  such further relief as this Court deems just and proper.

## COUNT III
### BREACH OF CONTRACT – FUTURE ROYALTIES
**(MSF v. Omar)**

48. Mister Softee incorporates by reference the averments set forth above in paragraphs 1 through 29 as though the same were set forth at length herein.

49. At all times referred to herein, MSF was in compliance with the Franchise Agreements and had fulfilled all of its obligations pursuant to the terms and conditions thereof.

50. As a direct and proximate result of Omar's breach of the Franchise Agreements, MSF has been damaged in the minimum amount of $43,225, which represents the future Royalties due for the remainder of the terms of each Franchise Agreement.

**WHEREFORE,** Mister Softee Franchise, LLC demands judgment in its favor and against Defendant Jawdat Omar in the amount of $43,225 together with pre-judgment and post-judgment interest, attorney's fees pursuant to Section 9 of the Franchise Agreements, and such further relief as this Court deems appropriate.

Respectfully submitted,

|  |  |
|---|---|
| Dated: July 19, 2023 | **FISHER ZUCKER LLC**<br><br>  */s/ Frank A. Reino*  <br>Frank A. Reino<br>Christopher Alexander<br>21 South 21st Street<br>Philadelphia, PA 19103<br>T: (215) 825-3100<br>F: (215) 825-3101<br>freino@fisherzucker.com<br>calexander@fisherzucker.com |